McMILLAN, Judge.
Leonard Alexander was indicted on charges of burglary in the third degree, theft of property in the second degree, and receiving stolen property in the second degree. He pleaded guilty to the first count of the indictment. He was sentenced to two years’ imprisonment and was ordered to pay $50 to the crime victims’ compensation fund and the costs of court. His appointed attorney timely filed written notice of appeal.
The record indicates that Alexander was indigent when he entered his guilty plea and that his attorney was-excused from further representation on the same day on which he filed the notice of appeal. However, no reason is stated for his excusal. Alexander may now be attempting to proceed pro se, because he has filed with this court a copy of a letter he sent to the trial judge after his conviction.
The State has asked this court to affirm the judgment of the trial court or, alternatively, to determine whether Alexander desires to represent himself in this matter. The appellant was entitled to counsel on appeal, and there is no evidence in the record of a knowing, intelligent, and voluntary waiver of that right. Rule 6.1, A.R.Cr.P.
Therefore, this cause is due to be remanded to the trial court in order for the trial *701 judge to determine whether the appellant desires to forgo his right to counsel on appeal. A return should be filed with this court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.